# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JAREK CHARVAT, Individually and on behalf of all others similarly situated, | CASE NO. 8:12CV11 |
| Plaintiff, | |
| v. | ORDER TO SHOW CAUSE |
| MUTUAL FIRST FEDERAL CREDIT UNION, | |
| Defendant. | |

It has come to the attention of the Court, through a related action, that the Court may lack subject-matter jurisdiction in this case. Plaintiff Jarek Charvat ("Charvat") has not alleged an injury in fact caused by Mutual First Federal Credit Union ("Mutual First"), and the Court will direct the parties to show cause, if any, why this action should not be dismissed for lack of standing.

## SUMMARY OF RELATED ACTIONS

Charvat filed four related actions alleging violations of the Electronic Fund Transfer Act ("EFTA") 15 U.S.C. § 1693-1693r (Case Nos. 8:12CV11, 8:12CV12, 8:12CV13, 8:12CV97). In case number 8:12CV97, the defendant filed a motion to dismiss (Filing No. 7) for lack of standing pursuant to Federal Rule of Civil Procedure 12(b)(1), because Charvat had not alleged an injury in fact. The Court agreed that Charvat had not alleged an injury. The facts of this action are similar and the Court finds Charvat has not alleged an injury in fact here.

**STANDARD OF REVIEW**

The Court is obligated to raise subject matter jurisdiction *sua sponte*. *Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987). Under Federal Rule of Civil Procedure 12(b)(1), the Court has "'wide discretion'" to decide the process with which its jurisdiction can best be determined. *Johnson v. United States*, 534 F.3d 958, 964 (8th Cir. 2008) (quoting *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995)). It "has the authority to dismiss an action for lack of subject matter jurisdiction on any one of three separate bases: '(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.'" *Id.* at 962 (quoting *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)); *see also Jessie v. Potter*, 516 F.3d 709, 712 (8th Cir. 2008) (stating that "[m]otions to dismiss for lack of subject-matter jurisdiction can be decided in three ways: at the pleading stage, like a Rule12(b)(6) motion; on undisputed facts, like a summary judgment motion; and on disputed facts"). According to Federal Rule of Civil Procedure 12(h)(3), a federal court must dismiss an action if it determines at any time it lacks subject matter jurisdiction. *Harris v. P.A.M. Transp., Inc.*, 339 F.3d 635, 637 n.4 (8th Cir. 2003).

**DISCUSSION**

Three requirements constitute the "irreducible constitutional minimum" of standing, the first of which is "an injury in fact–an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical." *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560-61 (1992). The requirement of injury in

2

fact is a "hard floor of Article III jurisdiction that cannot be removed by statute." *Summers v. Earth Island Inst.*, 555 U.S. 488, 497 (2009). This injury "may exist solely by virtue of 'statutes creating legal rights, the invasion of which creates standing . . . .' Of course, Art. III's requirement remains: the plaintiff still must allege a distinct and palpable injury to himself." *Warth v. Seldin*, 422 U.S. 490, 500-01 (1975) (quoting *Linda R.S. v. Richard D.*, 410 U.S. 614, 617 n.3 (1973)). "It is settled that Congress cannot erase Article III's standing requirements by statutorily granting the right to sue to a plaintiff who would not otherwise have standing." *Raines v. Byrd,* 521 U.S. 811, 820 n.3 (1997). It is undisputed that Congress can create a legal right sufficient for standing under the EFTA, but Plaintiff must still allege a "distinct and palpable injury to himself." *Warth,* 422 U.S. at 501. The issue then is whether Mutual First's failure to give a notice to which Charvat was statutorily entitled in itself constitutes an injury in fact to Charvat. This Court concludes it does not.

Three district courts have held that when an ATM operator fails to provide a fee notice on the exterior of the ATM as required by the EFTA, the statutory violation is in itself an injury–regardless of whether the plaintiff had actual knowledge of the fee through the on-screen notice and affirmatively accepted it. *Campbell v. Hope Cmty. Credit Union*, No. 10-2649-STA, 2012 WL 423432, at *2 (W.D. Tenn. Feb. 8, 2012); *Kinder v. Dearborn Fed. Sav. Bank*, No. 10-12570, 2011 WL 6371184, at **4-5 (E.D. Mich. Dec. 20, 2011); *In re Regions Bank ATM Fee Notice Litig.,* Nos. 2:11-MD-1000, 1001, 1002, & 2202-KS-MTP, 2011 WL 4036691, at *3 (S.D. Miss. Sept. 12, 2011). The *Campbell* and *In re Regions Bank* courts both noted that the EFTA is a remedial consumer statute which should be construed broadly in favor of the consumer. *Campbell,* 2012 WL 423432, at *2; *In re*

3

*Regions Bank*, 2011 WL 4036691, at *3.  These two courts then stated that the EFTA provides for the recovery of actual and statutory damages, indicating Congress's intent for private causes of action despite minimal or no actual damage.  *Campbell*, 2012 WL 423432, at *2; *In re Regions Bank*, 2011 WL 4036691, at *3.  In *Kinder,* the court considered the argument that the plaintiff did not suffer an injury because he had actual knowledge.  *Kinder*, 2011 WL 6371184, at *2.  The *Kinder* court noted that "[a]lthough this argument has some appeal, it has been rejected by at least one court."  *Id.*  The court then relied on the reasoning of *In re Regions Bank* and granted standing.  *Id*.

These three district court opinions did not address the "hard floor" constitutional requirement of injury in *fact*.  The Constitution requires more than mere injury in *law*.  A plaintiff must allege an injury in *fact* that was caused by the lack of an exterior fee notice on the ATM.  This Court agrees that the EFTA should be construed broadly in favor of the consumer, but the provision for actual and statutory damages in the EFTA does not automatically mean that a litigant is entitled to damages when he has alleged no injury in fact.  The authorization of statutory damages is unrelated to *injury*.  "An interest unrelated to injury in fact is insufficient to give a plaintiff standing."  *Vermont Agency of Natural Res. v. United States ex rel. Stevens*, 529 U.S. 765, 772 (2000).  Here, Charvat alleges only a statutory violation of the EFTA because First Mutual failed to provide an exterior fee notice on its ATM.  Charvat has not alleged an injury in fact caused by Mutual First's violation of the notice requirements, and he lacks standing to bring this action.

Accordingly,

IT IS ORDERED that on or before July 9, 2012, the parties may file a response to this Order, showing cause, if any, as to why this action should not be dismissed for lack of standing.

DATED this 2nd day of July, 2012.

                                              BY THE COURT:

                                              s/Laurie Smith Camp
                                              United States District Judge